Rehearing granted and unpublished opinion filed 1/3/96
vacated by orders filed 1/17/96.

**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

HARRIETT ZANDERS,
Plaintiff-Appellant,

v.                                                                 No. 95-1760

WAL-MART STORES, INCORPORATED,
Defendant-Appellee.

Appeal from the United States District Court
for the District of South Carolina, at Columbia.
Dennis W. Shedd, District Judge.
(CA-94-2769-3-19)

Submitted: December 12, 1995

Decided: January 3, 1996

Before WIDENER, MURNAGHAN, and WILLIAMS,
Circuit Judges.

_____

Vacated and remanded with instructions by unpublished per curiam
opinion.

_____

**COUNSEL**

Gene Stockholm, Billy R. Oswald, BILLY R. OSWALD & ASSO-
CIATES, West Columbia, South Carolina, for Appellant. Jay Bender,
BAKER, BARWICK, RAVENEL & BENDER, L.L.P., Columbia,
South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Harriett Zanders appeals the district court's order granting summary judgment in favor of Wal-Mart in this diversity action for malicious prosecution. Zanders originally brought this action in South Carolina state court but Wal-Mart removed to federal court on the basis of diversity of citizenship. See 28 U.S.C.A. § 1441(b) (West 1994). Because we hold that the district court lacked jurisdiction to enter a final order in this action, we vacate the court's order and remand for entry of an order remanding the action to state court.

Despite the fact the parties have not raised the issue in this case, this court considers the district court's lack of subject matter jurisdiction sua sponte. See, e.g., Schlumberger Indus. v. National Sur. Corp., 36 F.3d 1274, 1278 n.5 (4th Cir. 1994); see also North Carolina v. Ivory, 906 F.2d 999, 1000 n.1 (4th Cir. 1990). While the initial removal in this case may have been proper, since Zanders did not claim a total sum specific in damages, the district court's diversity jurisdiction evaporated when she stipulated that her damages were less than the $50,000 jurisdictional amount. 28 U.S.C.A. § 1332 (West 1993). The statute governing remand after removal provides that "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C.A. § 1447(c) (West 1994).

Here, the district court failed to remand the case and instead entered a final order in a case it lacked jurisdiction to decide. This was error. Consequently, we vacate the district court's order and remand the case for entry of an order remanding the action to the state court. See Mulcahey v. Columbia Organic Chems. Co., 29 F.3d 148, 151 (4th Cir. 1994). We dispense with oral argument because the

2

facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>VACATED AND REMANDED WITH INSTRUCTIONS</u>*

_____

*Irrespective of the merits of the case, the district court must remand the case even where the remand is obviously futile. <u>See International Primate Protection League v. Administrators of Tulane Educ. Fund</u>, 500 U.S. 72, 87-88 (1990) (holding that remand was required despite fact that party destroying jurisdiction would be omitted and case once again removed to federal court).

3